IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAYMOND J. MEBANE,                )
                                  )
    Petitioner,                   )   Civil Action No. 2: 14-cv-00133
                                  )
    v.                            )   United States Magistrate Judge
                                  )   Cynthia Reed Eddy
JEROME W. WALSH, , et al.,        )
    Respondents.                  )

# MEMORANDUM OPINION AND ORDER[1]

Petitioner, state prisoner Raymond J. Mebane, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). He is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Allegheny County on September 30, 2010.

On July 1, 2010, Petitioner entered a general plea to eight (8) counts of possession with intent to deliver controlled substance (Counts 1 - 8) and eight (8) counts of ungraded misdemeanors (Counts 9 - 16). On September 30, 2010, the trial court sentenced Petitioner to an aggregate term of 12 - 28 years' imprisonment. Petitioner did not file a direct appeal with the Superior Court. Accordingly, his judgment of sentence became final on November 1, 2010,[2] which was thirty days after the judgment of conviction was entered. *Gonzalez v. Thaler*, -- U.S. ----, 132 S.Ct. 641, 653–56 (2012) (a judgment becomes final at the conclusion of direct review

---

[1] The parties consented to jurisdiction by a United States Magistrate Judge. See ECF Nos. 6 and 8. See also 28 U.S.C. § 636(c)(1).

[2] Because the thirtieth day fell on a weekend, the judgment became final on Monday, November 1, 2010. See 1 Pa. C.S. § 1908.

1

or the expiration of time for seeking such review). *See also Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000).

On October 20, 2011, Petitioner, through counsel, filed a timely Petition for Post Conviction Collateral Relief.[3] On December 30, 2011, after giving notice to Petitioner, the court dismissed the PCRA Petition. Petitioner filed an appeal, and on February 21, 2013, the Superior Court affirmed the dismissal of the PCRA Petition. On November 6, 2013, the Pennsylvania Supreme Court denied the Petition for Allowance of Appeal ("PAA").

On or about January 13, 2014, Petitioner filed with this Court his habeas petition (ECF No. 1).[4] Petitioner asserts that his sentence was illegal and that the court abused its discretion in fashioning its sentence, particularly in light of the fact that he has Crohn's Disease. Petitioner may also be contending that counsel was ineffective for failing to pursue this issue(s) post-sentence.

## Discussion

AEDPA imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of—

---

[3] Even though the docket reflects that an "Amended Petition" was filed on October 20, 2011, it appears that this was the first and only Petition for Post Conviction Collateral Relief which was filed.

[4] Pursuant to the prisoner "mailbox rule," Petitioner's filings are deemed filed on the date he delivered them to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *see also Terrell v. Benfer*, 429 F. App'x 74, 75 n.1 (3d Cir. 2011) (per curium) (using date prisoner signed document for purposes of prisoner "mailbox rule."). In this case, Petitioner signed the Petition on January 13, 2014.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner was sentenced on September 30, 2010. He did not file a direct appeal. Therefore, his state conviction became final, for AEDPA purposes, thirty (30) days later, or on November 1, 2010. Petitioner filed for collateral relief (by filing his PCRA Petition) on October 20, 2011, 354 days after his conviction became final. Petitioner's PCRA proceeding concluded on or around November 6, 2013, which is the date the Pennsylvania Supreme Court denied his PAA. *Lawrence v. Florida*, 549 U.S. 327 (2007); *Swartz*, 204 F.3d at 419-20. AEDPA's limitations period began to run again the next day, on November 7, 2013. Since 354 days already had expired from the limitations period, Petitioner had 11 more days—until on or around November 18, 2013—to file a timely federal habeas petition. He did not file the instant petition until on or around January 13, 2014, which is 57 days past the deadline.

Thus, all of Petitioner's claims are untimely unless he can demonstrate that equitable tolling applies during the relevant time period. A petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary

3

circumstance stood in his way and prevented timely filing. *Holland v. Florida,* 560 U.S. 631 (2010). 713 F.3d 165, 174 (3d Cir.2013); *Ross v. Varano,* 712 F.3d 784, 798–804 (3d Cir. 2013); *Munchinski v. Wilson*, 694 F.3d 308, 329–32 (3d Cir. 2012). Petitioner has not demonstrated that any extraordinary circumstances prevented him from asserting his federal rights in a timely manner and he does not contend entitlement to equitable tolling.

In conclusion, all of Petitioner's claims are untimely under AEDPA's statute of limitations. His claims must be denied for that reason.

### Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied as untimely. Accordingly, a certificate of appealability will be denied.

### Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus will be denied and a certificate of appealability will be denied. An appropriate Order follows.

# ORDER

**AND NOW,** this 28th day of May, 2014, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED.**

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge


cc: RAYMOND J. MEBANE
JS9796
SCI Dallas
1000 Follies Road
Dallas, PA 18612

Rusheen R. Pettit
Office of the District Attorney
Email: Rusheen.Pettit@da.allegheny.pa.us